**No. 46964.**—Protest 45076–K of Draeger Shipping Co. (New York).

Opinion by KEEFE, J.  From an examination of the papers the court was unable to find anything sufficient to overcome the presumption of correctness attaching to the collector's action.  The protest was therefore overruled.

**No. 46965.**—Petition 6211–R of Goldfarb Novelty Co. (New York).

Opinion by KEEFE, J.  From the evidence it was found that there was no intention on the part of the petitioner when making the entries to conceal or misrepresent the facts or to defraud the revenue of the United States.  The petition was therefore granted.

BEFORE THE FIRST DIVISION, FEBRUARY 19, 1942

**No. 46966.**—Protests 31836–K, etc., of Blanchard Lumber Co. et al. (Boston, etc.).

Opinion by WALKER, J.  Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, FEBRUARY 19, 1942

**No. 46967.**—Protests 27204–K, etc., of R. Geldmacher (New York).

Opinion by DALLINGER, J.  In this case testimony was taken at the hearing and samples admitted in evidence.  It was stipulated between counsel that the articles in question were not plated.  At the second hearing a motion was made to reopen the case, which motion was granted.  It was then stipulated to consolidate some other protests with the instant protests, and further stipulated that certain of the items in question consist of laboratory instruments wholly or in chief value of metal, not plated with gold, silver, or platinum, and that the protests be abandoned as to all other items.  Motion was also made by the government to strike out a portion of the evidence having to do with the use of the merchandise, which motion was granted.  On the record presented it was held that certain of the items are dutiable as laboratory instruments at 40 percent under paragraph 360 in accordance with stipulation of counsel.  Protests sustained in part.

**No. 46968.**—Protest 77564–K of Schall & Co. (New York).

Opinion by DALLINGER, J.  In accordance with stipulation of counsel the tin boxes in question were held dutiable as containers not specially provided for, in chief value of tin plate, but not plated, at 22½ percent under paragraph 397 and T. D. 49753 as claimed.  Abstract 46175 followed.